1

2

3

4                          UNITED STATES DISTRICT COURT

5                               DISTRICT OF NEVADA

6                                      * * *

7   TRP FUND IV, LLC,                              Case No. 2:22-CV-839 JCM (DJA)

8                          Plaintiff(s),                          ORDER

9           v.

10  NATIONAL DEFAULT SERVICING
    CORPORATION, et al.,
11
                           Defendant(s).
12

13          Presently before the court is defendant Bank of America, N.A. ("BANA")'s motion to

14  dismiss complaint.  (ECF No. 15).  Plaintiff TRP Fund V, LLC ("TRP") filed a response (ECF

15  No. 17), to which defendant replied (ECF No. 19).

16          Also before the court is defendant National Default Servicing Corporation ("NDSC")'s

17  motion to dismiss complaint and expunge lis pendens, to which BANA joins.  (ECF No. 7, *see*

18  ECF No. 15).  TRP filed a response.  (ECF No. 8).  NDSC replied.  (ECF No. 12).

19  I.     INTRODUCTION

20          This matter arises from the pending foreclosure of 10218 Chestnut Sweet Street, Las

21  Vegas, Nevada, 89131, APN # 125-04-611-037 (the "property").  In 2008, individuals purchased

    the property with a loan secured by a deed of trust and promissory note (the "note").  The deed of
22
    trust and note were assigned to BANA in 2012, then to the Department of Housing and Urban
23
    Development in 2014, then to Bayview Loan Servicing.  And in 2015, the deed of trust was
24
    again transferred to BANA via an assignment that transferred the deed of trust "that secures the
25
    underlying promissory note."  This final assignment, however, does not expressly transfer the
26
    note.

27          The property was foreclosed in 2014 pursuant to a homeowners' association lien.  At that

28  foreclosure sale, TRP purchased the property.  TRP is the record owner of the property.  TRP

James C. Mahan
U.S. District Judge

initiated litigation in 2015 against BANA seeking quiet title to the property (the "prior litigation"). In the prior litigation, the Eighth Judicial District Court in Clark County, Nevada, granted summary judgment in favor of BANA finding that the deed of trust remained a valid encumbrance against title to the property. In 2020, the Nevada Supreme Court affirmed the judgment in the prior litigation.

In 2019, BANA substituted NDSC as the trustee under the deed of trust. In March 2022, NDSC began foreclosure proceedings by recording a notice of default and election to sell under deed of trust against the property.

Evidence of the foregoing is public record, which the court takes judicial notice of at NDSC's request. (*See* ECF No. 7).

TRP seeks to avoid the pending foreclosure. Its complaint titles four claims for relief against both BANA and NDSC: wrongful foreclosure, wrongful foreclosure/chain of title, wrongful foreclosure – lack of unity, and declaratory relief/quiet title. TRP's responses to the instant motions, however, clarify that "TRP is not asserting the 'tort of wrongful foreclosure' in this case" and that "TRP is not seeking quiet title to the [p]roperty…TRP only seeks declaratory relief." (ECF Nos. 8, 17). Thus, the court addresses only TRP's claim for declaratory relief.

Specifically, TRP seeks "declaratory judgment from this [c]ourt finding that (1) pending foreclosure on the [p]roperty is void for [d]efendants [sic] failure to comply with NRS 107; (2) that the foreclosure not be had; and (3) that BANA produce the original 'wet ink' version of the [n]ote or the custodial written agreement of the entity currently in actual, physical possession of the note." (ECF No. 6-1).

## II.    LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The Starr court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme

James C. Mahan
U.S. District Judge

- 3 -

Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave.  In *Foman v. Davis,* the Supreme Court explained:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962).

## III.     DISCUSSION

In support of its claim for declaratory relief, TRP alleges (1) Carrington Mortgage Services, LLC ("Carrington"), as BANA's loan servicer, did not have authority to prepare and execute the affidavit of authority required to execute the foreclosure sale pursuant to NRS 107.805(2); (2) the chain of title is ambiguous because the original note has not been presented for TRP's review and the note was not expressly transferred to BANA in the final assignment; and (3) without the note, unity of interest between BANA and NDSC cannot be demonstrated and thus foreclosure cannot proceed under NRS 106, 107, 110, and 111.

Nevada Revised Statute ("NRS") 107.0805(1)(b) governs the requirements of the affidavit of authority, and it explicitly authorizes the "beneficiary, the successor in interest of the beneficiary, or the trustee" of the deed of trust to execute the affidavit of authority required for non-judicial foreclosure.  TRP argues Carrington, was not authorized to execute the affidavit of authority because NRS 107.0805(1)(b) does not grant such authority to a servicer.  However, courts in this district have held that servicers may execute an affidavit of authority.  *See Broche v. Quality Loan Serv. Corp.*, 2014 WL 548221, No. 3:13-cv-00320 (D. Nev. Feb. 11, 2014); *Toigo v. Wells Fargo Bank, N.A.*, 2013 WL 3049073, No. 2:13-cv-00792 (D. Nev. June 17, 2013); *Hidalgo v. Nat'l Default Serv. Corp.*, 2013 WL 663213, No. 2:13-cv-00196 (D. Nev. Feb. 21, 2013).  Thus, Carrington was authorized to execute the affidavit of authority, and TRP's argument to the contrary fails.

Further, TRP's show-me-the-note argument claiming that NDSC and BANA may not foreclose on the property without proffering the original promissory note has been "resoundingly rejected" by courts in Nevada.  *See Juntilla v. RESI Home Loans IV, LLC,* No. 2:12-cv-00790-MMD-PAL, 2013 WL 1819636, at *1 (D. Nev. Apr. 29, 2013).  TRP also argues that because the final assignment did not expressly transfer the note along with the deed of trust to BANA, the foreclosure cannot proceed.  However, "[a]lthough possession of the original promissory note is

generally required to enforce the note, *see* NRS 104.3301, no such requirement exists to foreclose on a deed of trust.  Rather, the authority to foreclose on a deed of trust is established by the deed of trust or an assignment thereof." *Wilmington Sav. Fund Soc'y FSB as Tr. for Hilldale Tr. v. Deaver*, 486 P.3d 710 (Nev. 2021) (*citing Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012) ("To prove that a previous beneficiary properly assigned its beneficial interest in the deed of trust, the new beneficiary can demonstrate the assignment by means of a signed writing.")); *see also* NRS 107.0805(1)(b) (providing that an entity seeking to foreclose must only attest that it is the holder of the promissory note and "the current beneficiary of record").  Thus, TRP's requests for declaratory judgment fail as a matter of law and are DISMISSED.

Though the complaint has not been amended to cure deficiencies, any amendment thereto would be futile.  TRP has not asserted—nor can it given, in part, the extensive precedent in Nevada permitting foreclosures even when the deed of trust and note are "split"—any viable legal reason why the pending foreclosure on the property cannot be executed pursuant to the deed of trust.  Thus, TRP is not granted leave to amend.

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion to dismiss (ECF No. 15) is GRANTED.

IT IS FURTHER ORDERED that NDSC's motion to dismiss (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that TRP's complaint (ECF No. 1-1) be DISMISSED with prejudice.

IT IS FURTHER ORDERED that the lis pendens encumbering 10218 Chestnut Sweet Street, Las Vegas, Nevada, 89131, APN # 125-04-611-037 shall be EXPUNGED.

The clerk of the court is instructed to close this case.

DATED March 2, 2023.

UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -